**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Carrera-Beltran, | ) | No. CV 12-2023-PHX-RCB (SPL) |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| Rosa Martinez, | ) | |
| Defendant. | ) | |

Plaintiff Jose Carrera-Beltran, who is confined in the U.S. Penitentiary in Lompoc, California, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 5.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 7, 8.) Plaintiff has filed a "Notice Judicial". (Doc. 11.) In the Notice, Plaintiff states that he wishes to authorize Mrs. Mayratavira to be "in charge" of his case regarding his bank account with Chase Bank and he wishes to authorize her to access funds in that account.

To the extent that Plaintiff seeks any relief in his Notice, his Notice will be denied. Plaintiff appears in part to be attempting to authorize Mrs. Mayratavira to prosecute this case on his behalf, but he does not indicate that Mrs. Mayratavira is an attorney. Only an attorney may appear on Plaintiff's behalf in this case. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney has no authority to appear as an attorney for anyone other than himself); Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation *pro se*;

**JDDL-K**

1 pleadings may be brought before the court only by parties or their attorney."); <u>Simon v.
2 Hartford Life, Inc.</u>, 546 F.3d 661 (9th Cir. 2008) (in action brought by pro se litigant, the real
3 party in interest must be the person who by substantive law has the right to be enforced);
4 <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, (9th Cir. 2007).  Plaintiff also
5 appears to be attempting to authorize access to his bank account by Mrs. Mayratavira.
6 However, Plaintiff must make such arrangements directly with his bank and may not do so
7 by filing a notice in his case.  For the reasons discussed, Plaintiff's Notice will be denied to
8 the extent that any relief is sought therein.

**Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in the February 11, 2013 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring

1 a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the
2 prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
3 brought an action or appeal in a court of the United States that was dismissed on the grounds
4 that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
5 unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
6 § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the February 11, 2013 Order and this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's "Notice Judicial" is **denied** to the extent that any relief is sought therein. (Doc. 11.)

DATED this 4th day of April, 2013.

_____
Robert C. Broomfield
Senior United States District Judge