**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Carrera-Beltran,     )<br>            Plaintiff,         )<br>     vs.                         )<br>Rosa Martinez,               )<br>            Defendant.     ) | No. CV 12-2023-PHX-RCB (SPL)<br><br>**O R D E R** |

Plaintiff Jose Carrera-Beltran, who is confined in the U.S. Penitentiary in Lompoc, California, filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which the Court dismissed with leave to amend. (Doc. 1, 5.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 7, 8.) Plaintiff has filed a Second Amended Complaint.[1] (Doc. 13, 14.) The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff also filed a note in which he asked that legal papers be forwarded to the Court. However, nothing was attached to this note. (Doc. 14.)

28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.  Second Amended Complaint**

Plaintiff alleges one count for deprivation of property. Plaintiff sues Rosa Martinez, whom he describes as a non-governmental employee. (Doc. 13 at 2.) Plaintiff seeks injunctive and compensatory relief.

A document attached to the Second Amended Complaint reflects the following: in 2010, Plaintiff had a colostomy performed due to colon cancer. After arriving in federal custody, the Clinical Director placed Plaintiff on a Chronic Care Clinic for continuity of care.

1    On April 16, 2012, Plaintiff was seen by a staff physician; Plaintiff denied weight loss and
2    his blood pressure was normal. On May 22, 2012, Plaintiff was seen by a staff physician
3    after complaining of fecal leakage from the ostomy opening. The physician initiated a
4    consult for Plaintiff to be seen by a surgeon for a colostomy reversal and was prescribed a
5    nutritional supplement. However, the next day, the supplement was disapproved as not
6    indicated. On May 24, 2012, Plaintiff failed to report for a scheduled call-out appointment
7    with the surgeon. On June 28, 2012, Plaintiff was placed on call-out to receive sack meals,
8    but he failed to report.

9    On July 2, 2012, Plaintiff spoke to an Assistant Health Services Administrator
10   (AHSA) and a mid-level practitioner about Plaintiff's medical concerns. During that
11   encounter, the AHSA informed Plaintiff that he had been authorized for sack meals and
12   counseled him about his failure to report for call-outs. The mid-level practitioner examined
13   the colostomy site and noted that it was dry with no signs of bleeding or infection. A call-out
14   to see a surgeon was rescheduled.

15   Attached to the First Amended Complaint was an informal resolution. This document
16   indicated that Plaintiff was seen by a surgeon on July 19, 2012, but the surgeon was allegedly
17   unable to evaluate Plaintiff properly because Plaintiff's medical files were not available to
18   the surgeon. In response to the informal resolution, Health Services Department staff
19   contacted the Las Vegas Detention Center, which indicated that it did not have Plaintiff's
20   medical records.

21   In his Second Amended Complaint, Plaintiff alleges the following: on January 12,
22   2012, while he was held in a Corrections Corporation of America (CCA) facility, Plaintiff
23   received medical records concerning colostomy surgery from the Arizona Medical Board,
24   which apparently reflected the kind of medication Plaintiff was thereafter supposed to
25   receive. Plaintiff indicates that in February 2012, Defendant Martinez agreed to forward
26   Plaintiff's medical records following transfer to a new facility. Plaintiff indicates that his
27   counselor, Alfonso Zepeda, attempted to help Plaintiff to obtain his medical records from the
28   Las Vegas Detention Center, but the Detention Center did not have all of the records,

- 3 -

1  apparently because Martinez had never forwarded them to it.

2  **IV.     Failure to State a Claim**

3        To state a Bivens claim, a plaintiff must allege that persons acting under color of
4  federal law violated a federal constitutional right. Martin v. Sias, 88 F.3d 774, 775 (9th Cir.
5  1996) (citing Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Thus, an action under
6  Bivens is identical to one brought pursuant to 42 U.S.C. § 1983, except for the replacement
7  of a state actor under § 1983 by a federal actor under Bivens. Id. To state a valid
8  constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the
9  conduct of a particular defendant, and he must allege an affirmative link between the injury
10 and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

11       Plaintiff indicates that Martinez failed to mail copies of medical records to Plaintiff.
12 Plaintiff fails to allege when this occurred. Moreover, Plaintiff alleges that Martinez was not
13 a governmental employee, thus, Martinez did not act under color of federal law. Plaintiff
14 again fails to describe the medical records and the time frame those records covered and who
15 created the medical records. The Court is unable to determine whether the medical records
16 were created by medical staff working for the federal government, CCA, or privately for
17 Plaintiff. Finally, Plaintiff fails to allege facts to support that Martinez's failure to send
18 copies of his medical records to him rises to the level of a constitutional violation. For all
19 these reasons, Plaintiff fails to state a claim. Accordingly, his Second Amended Complaint
20 will be dismissed for failure to state a claim.

21 **IV.     Dismissal without Leave to Amend**

22       Because Plaintiff has failed to state a claim in his Second Amended Complaint, the
23 Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if
24 a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc.,
25 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is
26 particularly broad where Plaintiff has previously been permitted to amend his complaint.
27 Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated
28 failure to cure deficiencies is one of the factors to be considered in deciding whether justice

requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 13) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 28th day of May, 2013.

Robert C. Broomfield
Senior United States District Judge